# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LAWRENCE SCHUSTER, Register No. 532526, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-4075-CV-C-SOW |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Lawrence Schuster, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On October 14, 2008, defendants filed a motion for summary judgment on the remaining claim in this case. Plaintiff did not respond to the motion, and on March 9, 2009, was ordered to show cause why it should not be granted. On May 7, 2009, plaintiff requested an extension of time to answer. The court granted plaintiff an extension of time until June 28, 2009, but advised him that failure to respond would be treated as a lack of opposition to the motion. The court noted the ample time plaintiff had to prepare a response. Plaintiff has not filed suggestions in opposition, although he was given an unusually long period of time to do so, and thus, he does not appear to oppose the motion.

In his complaint, plaintiff challenges his continued confinement in administrative segregation and the conditions imposed as a result, such as no radio or television. Defendants assert plaintiff's claim fails on the merits and they have qualified immunity from any damage claims.

Rule 56(c), Federal Rules of Civil Procedure, requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

The nonmoving party has the responsibility to show there are genuine issues of material fact in the record that preclude the entry of summary judgment. The district court is not required to sift through the record to see if, perhaps, there are genuine issues of fact. Thus, the failure of a party to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees, No. 08-1990, slip op. at 5-6 (8th Cir. Mar. 3, 2009).

Plaintiff has not controverted the facts set forth by defendants. He is serving a life sentence, and has been in administrative segregation in a one-man cell for approximately six years. He does not have a television or radio, but does receive books. In 2002, he murdered his cellmate after they got into a fight. He has received a few conduct violations for fighting and

2

assaults on staff.  He has been on suicide watch four times, attempted suicide once, and admits to feeling depressed.  His status in administrative segregation is reviewed every ninety days.

The Eighth Amendment proscribes punishment that involves the "unnecessary and wanton infliction of pain" and that is "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153 (1976).  In determining whether inmates' conditions of confinement violate the Eighth Amendment, the court looks at the "totality of the circumstances" that make up those conditions.  See Rhodes v. Chapman, 452 U.S. 337, 363 (1981); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), on appeal after remand, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985).  Further, the court must apply the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health and safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To be held liable, officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [they] must also draw the inference."  Id.  Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment.  Id. Moreover, prison officials who respond reasonably to a known risk may not be held liable under the Eighth Amendment, even if their response failed to prevent injury.  Id. at 844.

Conditions are not cruel and unusual merely because they are harsh or uncomfortable.  To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life. Brown v. Nix, 33 F.3d 951 (8th Cir. 1994).

Plaintiff has not come forward with facts to show he has been deprived of one or more of the basic necessities of life, or that his health has been seriously harmed as a consequence of his housing assignment.  His conduct has been considered in determining where he can be housed for his own safety and the safety of others.

The Eighth Circuit has upheld significantly longer periods of segregation as not a violation of the Eighth Amendment.  See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (upheld nine-year sentence to segregation not a violation of Eighth Amendment); see also Herron v. Schriro, 11 Fed. Appx. 659, 662, 2001 WL 360479 (8th Cir. 2001) (unpublished) (Eighth

Amendment claims rejected upon finding no sufficiently serious deprivation, even considering the thirteen years of administrative segregation confinement).

In the absence of opposition from plaintiff, and for the reasons set forth in defendants' motion, it is

RECOMMENDED that defendants' motion of October 14, 2008, for summary judgment be granted and plaintiff's claims be dismissed, with prejudice. [45]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge